UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:24CV-P27-CRS

**BRIAN ANTHONY SAUER**                                                                     **PLAINTIFF**

v.

**OLDHAM COUNTY JAIL *et al.***                                             **DEFENDANTS**

<u>**MEMORANDUM OPINION**</u>

Plaintiff Brian Anthony Sauer filed the instant *pro se* 42 U.S.C. § 1983 action. The complaint (DN 1) and amended complaint (DN 9) are before the Court on initial review pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action.

### I. SUMMARY OF COMPLAINT

Plaintiff is a pretrial detainee at the Oldham County Jail. He sues the Oldham County Jail, Jeff Tindall, and Dana Liter.

Plaintiff states that in June 2023 he "was placed in the solitary confinement without going through the proper jail procedures" and that he "was confined for 7 days 4 days in which I never was given hygiene products to bathe after vigorously inquiring to the deputy floor officer." He states that this made him "susceptible to diseases such as 'MRSA' because I couldn't properly bathe."

Plaintiff also states that a non-Defendant sergeant came to his cell and used "vulgar abusive language" towards him and called him a "'Goddam piece of sh*t' numerous times." He also states he was restricted "from all reading material" and "did not even have a blanket." He also alleges another non-Defendant deputy called him a homophobic slur which Plaintiff alleges is a "hate crime." He also states that he was not able to use the phone to contact his lawyer and "when my lawyer called up to the jail to speak with me, he was told I wouldn't get out of bed."

He states, "This is all deliberate indifference, because the nature of my alleged crime also being strip searched on Jan. 09, 2024 in violation of my 4th Amendment constitutional rights."

As relief, Plaintiff seeks compensatory and punitive damages and a transfer to another facility.

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to

2

be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

#### *A. Oldham County Jail*

The Oldham County Jail is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, Oldham County is the proper defendant. *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). The Court, therefore, construes the complaint as brought against Oldham County.

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Plaintiff does not allege that any of Defendants' action were taken pursuant to a municipal policy or custom of Oldham County. The complaint appears to allege occurrences

affecting only Plaintiff. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). Therefore, the complaint fails to state a cognizable § 1983 claim against Oldham County, and Plaintiff's claims against Oldham County Jail must be dismissed for failure to state a claim upon which relief may be granted.

### *B. Tindall and Liter*

Plaintiff lists Tindall and Liter as Defendants, but the complaint states no allegations against them. The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the claim against the defendant is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissing of plaintiff's claims for failure to state a claim upon which relief may be granted where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 U.S. App. LEXIS 30782, at *7 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant).

To the extent Plaintiff is suing either Tindall or Liter based on his or her role as a supervisor, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich.*

4

*Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "Because § 1983 liability cannot be imposed under a theory of respondeat superior, proof of personal involvement is required for a supervisor to incur personal liability." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005). There is no *respondeat superior* liability where the plaintiff alleges only that the defendant merely failed to act or control employees. *Shorts v. Bartholomew*, 255 F. App'x 46, 53 (6th Cir. 2007); *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998).

Because Plaintiff states no allegations of specific conduct by Tindall or Liter, Plaintiff's claims against them must be dismissed for failure to state a claim upon which relief may be granted.

### *C. Futility of amendment*

The Court may allow an inmate to amend his complaint even when the complaint is subject to dismissal under 28 U.S.C. § 1915A. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). Before doing so, the Court must first consider whether amendment would be futile. *See Bishawi v. Ne. Ohio Corr. Ctr.*, 628 F. App'x 339, 347 (6th Cir. 2014) ("Although a district court may allow a plaintiff to amend his complaint before entering a sua sponte dismissal, it is not required to do so, *LaFountain v. Harry*, 716 F.3d [at] 951 . . ., and leave to amend should be denied if the amendment would be futile.").

With regard to Plaintiff's allegation that he was placed in solitary confinement for seven days "without going through the proper jail procedures," the Court broadly construes it as a claim for denial of due process. A procedural due process claim requires a showing that (1) the plaintiff had a protected life, liberty, or property interest, (2) the plaintiff was deprived of that interest, and (3) the defendants deprived him of that protected interest without adequate

procedural rights. *Thomas-El v. Smith*, No. 23-1304, 2024 U.S. App. LEXIS 5493, at *4-5 (6th Cir. Mar. 6, 2024) (citing *Wedgewood Ltd. P'ship I v. Township of Liberty*, 610 F.3d 340, 349 (6th Cir. 2010)). "[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Id.* at *5 (quoting *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005)). "In such instances, a liberty interest arises only when an inmate is subject to an 'atypical and significant hardship . . . in relation to the ordinary incidents of prison life.'" *Id.* (quoting *Wilkinson*, 545 U.S. at 222-23).

Plaintiff's allegations of a seven-day placement in solitary confinement do not rise to the level of an "atypical and significant hardship." *See Corker v. Sullivan Cnty. Det. Ctr.*, No.: 2:23-CV-101-KAC-CRW, 2024 U.S. Dist. LEXIS 63877, at *12 (E.D. Tenn. Apr. 8, 2024) (finding pretrial detainee's sixteen-day placement in segregation did not allege "a prolonged period of extreme deprivation that could be sufficient to state a cognizable due process claim"); *Elliot v. Conner*, NO. 3:23-cv-01008, 2023 U.S. Dist. LEXIS 202738, at *6 (M.D. Tenn. Nov. 13, 2023) (dismissing pretrial detainee's due process claim based on 45-day placement in segregation). Therefore, the Court finds that allowing Plaintiff to amend the complaint to allege which, if any, Defendant placed him in solitary confinement would be futile.

Moreover, to the extent Plaintiff alleges a separate claim based on the conditions of his confinement, *i.e.*, not being given hygiene products to bathe on four days, the allegations also fail to state a claim since Plaintiff alleges no actual harm, only the speculative harm of being made "susceptible to diseases." Plaintiff's conclusory allegations fail to raise Plaintiff's right to relief above a speculative level, and therefore, they fail to state a claim. *See Twombly*, 550 U.S. at 555, 570 (holding that an allegation that creates the possibility that a plaintiff might later establish undisclosed facts supporting recovery does not state a plausible claim for relief); *Iqbal*, 556 U.S.

6

at 678 (conclusory allegations "devoid of further factual enhancement" not sufficient to state a claim). Consequently, allowing Plaintiff to amend the complaint to state which Defendant, if any, was responsible for his conditions would be futile.

Plaintiff also states that a non-Defendant sergeant came to his cell and used "vulgar abusive language" towards him and called him a "'Goddam piece of sh*t' numerous times." He also alleges another non-Defendant deputy called him a homophobic slur which Plaintiff alleges is a "hate crime." The use of harassing or degrading language by a prison official, although unprofessional and deplorable, does not rise to constitutional dimensions. *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th. Cir. 2012) ("Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief."); *Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (harassment and verbal abuse do not rise to the level of a constitutional claim); *Violett v. Reynolds*, 76 F. App'x 24, 27 (6th Cir. 2003) ("[V]erbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim."). Thus, allowing Plaintiff to amend the complaint regarding this claim would be futile.

In addition, Plaintiff states that he was not able to use the phone to contact his lawyer and "when my lawyer called up to the jail to speak with me, he was told I wouldn't get out of bed." He also asserts he was restricted "from all reading material" and "did not even have a blanket." He further asserts, "This is all deliberate indifference, because the nature of my alleged crime also being strip searched on Jan. 09, 2024 in violation of my 4th Amendment constitutional rights." These allegations also fail to state a constitutional claim. Plaintiff has not alleged that he did not have adequate, alternative means of communicating with his attorney. *See Stamper v.*

7

*Campbell Cnty.*, No. 2007-49 (WOB), 2009 U.S. Dist. LEXIS 63958 (E.D. Ky. July 24, 2009) (collecting cases). His allegations regarding denial of "reading material" are too vague to state a claim, and he alleges no harm from being denied a blanket. *See Twombly*, 550 U.S. at 555, 570. Furthermore, "[s]trip searches in a prison setting are not per se unreasonable." *Mallory v. Miller*, 2020 U.S. Dist. LEXIS 170438, at *10 (W.D. Ky. Sept. 17, 2020); *see also Bell v. Wolfish*, 441 U.S. 520, 558 (1979). Therefore, leave to amend the complaint regarding these claims would also be futile.

### III. CONCLUSION

Accordingly, the Court will dismiss the complaint by separate Order,

Date: July 30, 2024

Charles R. Simpson III, Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
4414.010